# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Sterling Design, Inc. ) ASBCA No. 61099
)
Under Contract No. FA8517-15-M-0018 )

APPEARANCE FOR THE APPELLANT: Mr. Richard L. Kessler
President

APPEARANCES FOR THE GOVERNMENT: Jeffrey P. Hildebrant, Esq.
Air Force Deputy Chief Trial Attorney
Lt Col Damund E. Williams, USAF
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

Appellant, Sterling Design, Inc. (SDI) seeks $5,925 due to alleged government delay on an Air Force contract. SDI has elected the Board's Rule 12.3 accelerated procedure. Rule 12.3(c) provides that decisions under this rule will normally be short and contain only summary findings of fact and conclusions of law. For the reasons stated below, we deny the appeal.

## SUMMARY FINDINGS OF FACT

SDI and the Air Force entered into a contract on 4 September 2015 in the amount of $7,395 for the repair of a power supply unit within 30 days of receipt of said unit at the contractor's facility (R4, tab 8 at 2). The contract provided that the "Contractor shall furnish all materials, parts and services necessary for the repair and calibration of the [power supply] in accordance with the attached Performance Work Statement (PWS) dated 30 March 2015" (R4, tab 7 at 2). The parties agree that the Air Force provided the unit to SDI in October 2015 (*see* app. br. at 2; gov't br. at 1), which would have required SDI to complete the repairs in November 2015. However, SDI did not return the unit to the Air Force until August 2016. (R4, tab 107 at 1)

By emails on 23 and 28 August 2016, appellant, through its president, Richard Kessler, submitted a certified claim to the contracting officer seeking $5,925 for government delay; the claim included a listing of time entries, but provided no explanation of the underlying facts (R4, tab 4). The amount at issue consists of $4,800 (32 hours x $150) for Mr. Kessler, and $1,125 (9 hours x $125) for an outside

consultant (*id.* at 5-6). Neither the claim nor SDI's brief identify the consultant or describe what he or she did or why these services were necessary.

As for Mr. Kessler's time, the claim contains more than 70 terse entries from February to August (presumably in 2016), mostly in increments of 15 minutes. Examples (presented in reverse chronological order as in the claim) include the following:

> 8/17-18 sir shipping with central freight 1 hour Friday multiple phone calls
> 8/10 dk sterling design sent pco 15 minutes
> 7/14 dk sterling design to dcma qar 15 minutes
> 6/28 dk sterling design to aco 30 minutes
> 5/21 dk sterling design read outside contract consultant 15 minutes
> 4/28 dk sterling design to dcma qar 30 minutes
> 3/19 dk sterling design to pco 15 minutes

(R4, tab 4 at 3-5)

The contracting officer issued a final decision dated 21 December 2016 denying the claim. He concluded, among other things, that the "telephone conversations and emails listed in" the claim "are those that would be required for normal contract administration in order to comply with the terms and conditions of the repair order." (R4, tab 120)

SDI has filed a Rule 4 supplement consisting of 893 pages of emails with government officials (in non-chronological order). SDI also filed a short opening brief with several pages of emails attached that we will assume convey the crux of its claim. SDI contends that the contract included five contract line item numbers (CLINs) that it had never seen in 30 years of business (app. br. at 1). SDI states that Mr. Kessler wrote to a government official on 11 June 2015 (nearly three months before the contract award date) seeking clarification on, among other things, whether all of the CLINs needed to be included in the contract (app. br. at 3). There is no response from the government in the record but appellant nonetheless entered into the contract. By email dated 27 October 2015, Mr. Kessler wrote to this same government official stating that SDI had completed the repair work but that it did not understand some CLINs or had never before filled out the reports required by the CLINs (*id.* at 3-4). There is no evidence in the record that the government ever responded to the email. SDI contends that it did not receive an answer from the contracting officer until 4 August 2016, resulting in months of delay to the contract (app. br. at 1, 4).

2

In its 27 October 2015 email, Mr. Kessler stated:

> [W]e have never in 30 years filled out clin 0002ab
> alert/safe alert report, clin 0002ac alert reponse [sic] report;
> clin 0002ad scientific and technical report, clin 0002af
> accident/incident report, 0002ag environmental health and
> safety plan, clin 0002ah item unique identification marking
> plan, clin 0002aj iuid marking activity, valildation [sic]
> and verification report. Page 22 referes [sic] to the pws
> dated mar 30 2015 which we do not have and need for
> inspection.

(App. br. at 4)

The PWS explains what these CLINs require. For example, with respect to CLIN 0002AB, Alert/Safe-Alert Report, this is a report submitted when repairable items are misidentified, misdirected, or missing recoverable modules/subassemblies (R4, tab 7 at 5). Similarly, the CLIN 0002AD Scientific and Technical Report is described as a report submitted when an item is found to be non-procurable or when a deviation from the current configuration is identified (*id.* at 6). The contracting officer's response to SDI's questions on 4 August 2016 conveyed what anyone who had read the PWS would already have known: "Most of the data CLINs are event driven and I assume won't be required" (app. br. at 4).

The root of the problem is indicated by the last sentence quoted above from Mr. Kessler's 27 October 2015 email in which he refers "to the pws dated mar 30 2015 which we do not have and need." The record contains several other statements by SDI that it did not have the PWS (app. supp. R4 at 66, 69, 101, 459). All of these statements are post-award. We note, however, that in the 11 June 2015 pre-award email discussed above, Mr. Kessler stated "[t]he pws talks about disa access" (app. br. at 3). This would indicate that SDI had the PWS at that time. What subsequently happened to SDI's copy of the PWS is not apparent from the record.

The Board conducted a telephone conference on 2 October 2017 in which it gave Mr. Kessler an opportunity to respond to the Board's observations that his CLIN questions would have been answered if he had consulted the PWS, which the record indicated that he possessed in June 2015. Mr. Kessler then acknowledged that he had received the PWS but contended that he had never received a complete copy of it. (*See* Bd. Order dated 3 October 2017)

The Air Force thereafter filed a Rule 4 supplement demonstrating that it provided SDI with a complete copy of the PWS on 10 June 2015 (R4, tabs 125-26). In its reply brief, SDI fails to discuss its contention that it never received a complete copy

3

of the PWS, and fails to discuss the Board's observation that its questions could have been answered by reading the PWS. Instead, it emphasizes the government's failure to respond to Mr. Kessler's questions.

## DECISION

While it appears that Air Force contracting officials could have responded to Mr. Kessler's inquiries about the CLINs more quickly, most or all of his questions would have been answered if he had simply read the PWS. SDI has failed to prove that the government delayed the contract. *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994). Nor can the government have breached the duty of good faith and fair dealing when there is no evidence the government prevented SDI from reading the PWS. *See Metcalf Construction, Inc. v. United States*, 742 F.3d 984, 991 (Fed. Cir. 2014).

## CONCLUSION

The appeal is denied.

Dated: 1 November 2017

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61099, Appeal of Sterling Design, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
